UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JERRY L. JONES and SHERRY GRAHAM JONES

CHAPTER 13
CASE NO. 04-15988

CAROLYN J. HAYNES, et al                                                                      PLAINTIFFS

VERSUS                                                                      ADV. PROC. NO. 05-01030

MISSISSIPPI LOAN CENTER, INC., et al                                                  DEFENDANTS

OPINION

On consideration before the court is a motion to dismiss filed by the defendants,

Mississippi Loan Center, Inc., and Mississippi Casualty Insurance Co., ("defendants"); a

response thereto having been filed by the plaintiff debtors, Carol J. Haynes, Heather Walker,

Francine Griffin Edwards, and Sherry Graham Jones ("plaintiffs"); and the court, having

considered same, hereby finds as follows, to-wit:

I.

JURISDICTION

The court has jurisdiction of the parties to and the subject matter of this proceeding

pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

II.

FACTS

The plaintiffs, along with other individuals who are not in bankruptcy, originally initiated

this cause of action on February 20, 2002, in a lawsuit styled Thomas Adams, et al v. Mississippi

Loan Center, Inc., et al, in the Circuit Court of Noxubee County, Mississippi, Civil Action No.

2002-0045. They sought compensatory and punitive damages under various legal theories related to assorted insurance products that they had purchased in connection with consumer loans obtained from the defendants.

Subsequent to the filing of the lawsuit, each of the named plaintiffs herein filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Mississippi. Frances Griffin Edwards filed under Chapter 7 on August 18, 2004, Case No. 04-15054. Sherry Graham Jones filed under Chapter 13 on September 22, 2004, Case No. 04-15988. Carol J. Haynes filed under Chapter 7 on October 4, 2004, Case No. 04-16365. Heather Walker filed under Chapter 13 on October 14, 2004, Case No. 04-16615. The plaintiffs did not list the state court lawsuit as a cause of action or potential asset in their bankruptcy schedules or statements of financial affairs.

On August 30, 2004, the defendants removed the entire cause of action to the United States District Court for the Northern District of Mississippi on the basis of bankruptcy jurisdiction. The defendants subsequently filed supplements to their notice of removal specifically identifying the bankruptcies of Jones, Haynes, and Walker. The district court entered an order on November 22, 2004, which severed the bankrupt plaintiffs and transferred their claims to this court. The non-bankruptcy plaintiffs' cause of action was remanded to state court.

Edwards' Chapter 7 case was closed on November 29, 2004; Walker's Chapter 13 plan was confirmed on December 9, 2004; Jones' Chapter 13 plan was confirmed on April 4, 2005; and Haynes received a Chapter 7 discharge on April 5, 2005.

The primary focus of the defendants' motion to dismiss is based on the theory of judicial estoppel. They assert that the plaintiffs are now judicially estopped from pursuing this cause of

2

action because they inconsistently failed to disclose its existence in their respective bankruptcy

schedules and statements of financial affairs.

III.

## STANDARDS APPLICABLE TO A MOTION TO DISMISS

Rule 7012(b), Federal Rules of Bankruptcy Procedure, makes Rule 12(b), Federal Rules

of Civil Procedure, applicable to bankruptcy adversary proceedings. Although the motion is titled

a motion to dismiss, it must be analyzed under the standards applicable to a motion for summary

judgment because evidence outside the pleadings has been presented to the court. Rule 12(b)

states that, "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the

pleadings to state a claim upon which relief can be granted, matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for summary

judgment and disposed of as provided in Rule 56...."

Summary judgment is properly granted when pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must

examine each issue in a light most favorable to the non-moving party. Anderson v. Liberty

Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp, 812 F.2d

265 (5th Cir. 1987); Putman v. Insurance Company of North America, 673 F.Supp 171 (N. D.

Miss. 1987). The moving party must demonstrate to the court the basis on which it believes the

summary judgment is justified. The non-moving party must then show a genuine issue of

material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986); Leonard v. Dixie Well Service and Supply, Inc., 828 F.2d 291 (5th

Cir. 1987), Putman v. Insurance Company of North America, 673 F.Supp 171 (N. D. Miss.

1987). An issue is genuine if "there is sufficient evidence favoring the non-moving party for a

fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect

the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

IV.

CONCLUSION

"Generally, judicial estoppel is invoked where 'intentional self-contradiction is being

used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'"

In re Superior Crew Boats, Inc., 374 F.3d 330, 334-35 (5th Cir. 2004). (quoting Scarano v.

Central R.R. Company, 203 F.2d 510, 513 (3rd Cir. 1953)). The Fifth Circuit has held that three

requirements must be established for judicial estoppel to apply: (1) the party is judicially

estopped only if its position is clearly inconsistent with the previous one; (2) the court must have

accepted the previous position; and (3) the non-disclosure must not have been inadvertent. Id. at

335. The Fifth Circuit also held in In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)

that "the debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in

general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their

concealment."

The court finds that it is undisputed that the plaintiffs failed to disclose the existence of

their claims against the defendants in their bankruptcy schedules, despite the fact that their

lawsuit against the defendants was filed over two years before they filed for bankruptcy relief.

The plaintiffs' active involvement in this lawsuit is therefore inconsistent with the information

4

reflected in their bankruptcy schedules.  As such, the first requirement of judicial estoppel has been met.

The second requirement of judicial estoppel has also been established because the court accepted the plaintiffs' disclosures that they had no contingent or unliquidated claims against other parties.

The court must now consider whether the plaintiffs' failure to disclose was  inadvertent. For inadvertence to apply, the plaintiffs either had to have no knowledge of their claims, which obviously is not the case because their lawsuit against the defendants had already been filed, or they had to have no motive to conceal their claims.  The defendants argue that the plaintiffs' obvious motive was to avoid paying their creditors.  The plaintiffs contend that their failure to list the claims was simply a mistake.  At this point, a factual dispute exists, insofar as the court is concerned, as to whether the plaintiffs' non-disclosure was indeed a mistake.  Therefore, this limited issue will be set for hearing so that the parties can offer proof to support their respective positions.

The court will reserve a ruling on the defendants' motion until the aforesaid hearing can be completed.

This the _20th_ day of October, 2005.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE